IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL ADLERSTEIN, INDIVIDUALLY AND AS NEXT FRIEND OF DANIEL ADLERSTEIN AND REBECCA ADLERSTEIN, § § § § § | Case No. 3:25-cv-02228 | |
| Plaintiffs, § § | ORIGINAL COMPLAINT | |
| v. § § | | |
| COOPER AEROBICS ENTERPRISES, INC., DBA COOPER HOTEL & CONFERENCE CENTER § § § § | | |
| Defendant. § | JURY TRIAL DEMANDED | |

## I. NATURE OF THE CASE

1.  This case arises from a scenario oddly evoking both Steven Spielberg's Schindler's List and the Coen Brothers' The Big Lebowski ("[expletive] dog has [expletive] papers"):

    *A "wellness" hotel front desk employee calls the Police and his general manager to threaten and coerce an observant Jew and repeat hotel guest, in front of his children, to break the Jewish Sabbath 'to show us your papers!' – all over his legally disabled minor daughter's service dog, a 3-pound Pomeranian, which the hotel then ejects from the property.*

2.  Because Defendant Cooper Aerobics Enterprises, Inc., dba Cooper Hotel & Conference ("**Cooper**" or "**Defendant**"), aka Dallas's famed Cooper Clinic, violated the civil rights of Samuel Adlerstein, individually and as next friend of his minor children, Daniel Adlerstein and Rebecca Adlerstein (collectively, "**Plaintiffs**"), and for 14 weeks ignored Plaintiffs' good faith efforts to resolve this dispute pre-suit, Defendant and its counsel have forced Plaintiffs to bring this suit under Title III of the Americans with Disabilities Act, Title II of the Civil Rights Act of 1964, and other law, to seek temporary and permanent injunctive relief, attorney's fees, and expenses to remedy the civil rights abuses by Cooper and prevent similar future abuse.

## II. THE PARTIES[1]

3. Plaintiff Samuel Adlerstein ("**Mr. Adlerstein**") is an adult citizen residing in Los Angeles County, California and is the father of Daniel Adlerstein ("**Daniel**") and Rebecca Adlerstein ("**Rebecca**"), minor children who reside with him (each, a "**Plaintiff**"; collectively, "**Plaintiffs**").

4. Defendant Cooper Aerobics Enterprises, Inc., dba Cooper Hotel & Conference Center ("**Cooper**" or "**Defendant**"), is a Texas limited liability company with its principal place of business located at 12220 Preston Rd, Dallas, TX 75230, that owns and operates the Cooper Hotel & Conference Center located at 12230 Preston Rd, Dallas, TX 75230 (the "**Cooper Hotel**").[2] Cooper Hotel may be served with process through its registered agent, Kenneth H. Cooper, 12220 Preston Rd, Dallas, TX 75230, or wherever he may be found. No citation is requested at this time as a request is being made immediately after this filing to Cooper Hotel's lawyer, Monte Hurst of Hallet & Perrin, to waive service under Rule 4 of the Federal Rules of Civil Procedure. In the unlikely event that request is denied, Plaintiffs will promptly request issuance of citation.

## III. JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiffs assert claims under federal law, including Title III of the Americans with Disabilities Act and Title II of the Civil Rights Act of 1964.

---

[1] The allegations in this Complaint are made concerning acts, omissions, and party status upon knowledge, and all other matters upon information and belief after good faith investigation.

[2] Defendant previously registered eleven (11) assumed names with the Texas Secretary of State that have all expired, including Cooper Hotel and Cooper Guest Lodge Hotel Spa & Conference Center. The only active registered assumed name for Defendant is Cooper Wellness Strategies. But, as a matter of fact, Defendant is doing business as Cooper Hotel & Conference Center, which is listed as one of its "brands" on its website.

6. This Court also has jurisdiction under 28 U.S.C. § 1367 since Plaintiffs' state law claims are so related to the federal claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is appropriate in this District under 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events or omissions giving rise to the claims occurred within this District, namely, at the Cooper Hotel.

## IV. STANDING AND PREREQUISITES

8. The Adlerstein's claims arise from a hotel stay at the Cooper Hotel, which is a place of public accommodation.

9. Mr. Adlerstein is an observant Jew who, among other things, observes Jewish laws and traditions with respect to not working on the Sabbath, including without limitation not using a cell phone or computer. His daughter, Rebecca, has a legal "disability", namely, severe anxiety, that substantially impairs one or more major life functions, including sleeping, learning, thinking, concentrating, and/or interacting with others.

10. Plaintiffs made a pre-suit demand upon Defendant, but Defendant did not respond, satisfying any pre-suit demand requirement that may apply to Plaintiffs' claims.

11. Alternatively, any pre-suit demand was or would have been futile as shown by Defendant never responding substantively, over a period of 14 weeks, to Plaintiffs' pre-suit settlement efforts and taking no action to engage in a negotiation while at best paying lip service to being willing to do so and unnecessarily delaying.

12. All other conditions precedent to this suit have been performed, occurred, waived, or excused.

## V. BACKGROUND FACTS[3]

13. On or about April 16, 2025, Plaintiffs checked into the Cooper Hotel as paying guests – with, in plain sight, Rebecca's registered service dog, Pepper (the "**Dog**").

14. Cooper owns and operates the Cooper Hotel as a place of public accommodation.

15. Plaintiffs had stayed at the Cooper Hotel on multiple prior occasions with the Dog.

16. During the April 2025 stay, Plaintiffs were harassed and discriminated against by Cooper Hotel's front desk employee, Jonathan, and its General Manager, David Little.

17. Jonatthan first accused Mr. Adlerstein of breaking hotel policy by having the Dog.

18. Mr. Adlerstein explained that the family had stayed at the Cooper Hotel with the Dog before and had brought the Dog in plain view upon checking in the day before.

19. Jonathan refused to believe Mr. Adlerstein that the family had stayed at the Cooper Hotel with the Dog before and had brought the Dog in plain view upon checking in the day before.

20. Jonathan further refused to believe Mr. Adlerstein, a repeat hotel guest, that the Dog is a registered service animal assisting his legally disabled minor daughter, Rebecca, who suffers from severe anxiety, demanding proof – effectively, *show me your papers!*

21. Despite Jonathan's continued hostility, Mr. Adlerstein offered to provide proof of the Dog's registration as service animal for his legally disabled minor daughter as soon as the Sabbath ended and he could open his phone. Mr. Adlerstein explained to Jonathan that he is an observant Jew, he was observing an extended Sabbath because it was Passover (a Biblically important Jewish holiday), and opening his phone before the extended Sabbath ended would be considered work and thus against his sincerely held religious beliefs and practices.

---

[3] Capitalized terms used but not defined in this section have the same meanings as ascribed above in this Complaint.

22. An increasingly hostile Jonathan refused Mr. Adlerstein's reasonable proposal.

23. Undeterred, Jonathan clandestinely called the Dallas Police and ambushed Mr. Adlerstein in front of his son, Daniel, in a clear effort to intimidate, coerce, and inflict fear.

24. Apparently at Jonathan's behest, the police officer demanded proof that the Dog is a registered service dog for his legally disabled minor daughter.

25. Mr. Adlerstein explained again that he had documents on his phone proving the Dog is a registered service dog for his legally disabled minor daughter, including an airline registration, but that he could not access his phone for religious reasons because it was the Sabbath and he is an observant Jew who does not do work on the Sabbath, including opening his phone.

26. Mr. Adlerstein again confirmed, however, that he would be happy to provide all such documentation after the Sabbath.

27. As Jonathan's hostility and aggression continued to grow, Mr. Adlerstein asked that a hotel manager be consulted – which, oddly, Jonathan apparently had not done before calling the Police on Plaintiffs and, ultimately, was done only because Mr. Adlerstein demanded it.

28. Cooper's General Manager, David Little, was then called and was put on speaker phone, within earshot of Mr. Adlerstein's son, Daniel, but Mr. Little only made matters worse by immediately becoming combative.

29. Shockingly, like Jonathan, Mr. Little was wholly undeterred by Mr. Adlerstein's sincerely held religious belief and practice, and his very reasonable offer to resolve their concerns in just a short time, and both Mr. Little and Jonathan continued to demand Mr. Adlerstein immediately provide proof, threatening, intimidating, and coercing, or attempting to do so, including by offering Mr. Adlerstein the Hobson's choice of breaking the Sabbath or ejecting the Dog from the Cooper Hotel and thereby harming his legally disabled minor child.

30. Because Mr. Adlerstein was unwilling to yield to their demands due to his sincerely held religious beliefs and practices, Mr. Little and Jonthan, on behalf of Cooper, forced Plaintiffs to remove the Dog from the Cooper Hotel premises.

31. The above-described unlawful actions of Mr. Little and Jonathan, employees of Cooper acting within the course and scope of their employment, have caused injuries and damages to Plaintiffs, including without limitation severe emotional pain and suffering, mental anguish, inconvenience, loss of enjoyment of life, and other recoverable injuries.

32. Cooper's employees' wrongful actions in harassing and discriminating against Plaintiffs as described above, and Cooper's failure to prevent such unlawful conduct and retaliatory and further harassing conduct as described below, were done knowingly, intentionally, with malice and/or recklessly in violation of Plaintiffs' state and federally protected civil rights.

33. Defendant's blatant violations of Plaintiffs' civil rights forced Mr. Adlerstein to seek legal counsel, and he retained the undersigned.

34. On April 22, 2025, three days after the subject incident, Plaintiffs' undersigned counsel on their behalf sent an evidence preservation demand to Defendant.

35. About two weeks later, on May 7, 2025, Plaintiffs' undersigned counsel on their behalf sent a proposal to Defendant to schedule a pre-suit mediation for the earliest possible date after a proposed mutual exchange of relevant documents and information, including identifying the items Plaintiffs were requesting from Defendant, inviting Defendant to identify items it would like from Plaintiffs, and inviting Defendant to provide a list of three proposed mediators.

36. Over the ensuing fourteen (14) weeks after May 7, 2025, Plaintiffs repeatedly followed up with Defendant for a response to the May 7 pre-suit mediation proposal, but Defendant

never provided a substantive response and, instead, simply delayed and engaged in gamesmanship, making clear that Defendant had no actual intent to engage in any pre-suit resolution efforts.

37. As a result, Defendant forced Plaintiff to file this suit.

## V. CAUSES OF ACTION

### A. COUNT 1: VIOLATION OF TITLE II OF THE CIVIL RIGHTS ACT OF 1964

49. Title II of the Civil Rights Act of 1964 prohibits places of public accommodation, including hotels, from harassing, discriminating, or retaliating against persons, including hotel guests, on the basis of religion.

50. Here, Cooper's employees David Little and Jonathan harassed, discriminated, and retaliated against Plaintiffs by intimidating, threatening, coercing, and/or attempting to intimate, threaten, or coerce Plaintiffs, observant Jews, with the purpose of interfering with the free exercise of their First Amendment Rights, as described above, including without limitation David Little and Jonathan, as Cooper's employees and with actual or apparent authority, refusing to respect and, instead, demanding Plaintiffs break their sincerely held religious beliefs and practices of observing the Jewish Sabbath by not opening a cell phone; calling the Police on Plaintiffs for exercising their First Amendment rights to freely practice their religion and refusing to break the Sabbath; and then forcing Plaintiffs to remove a legitimate, registered service dog from the Cooper Hotel property on the Jewish Sabbath.

51. Plaintiffs thus were denied the same level of access to and enjoyment of the Cooper Hotel as accessed and enjoyed by other patrons or persons.

52. Cooper's operation of the Cooper Hotel is a public accommodation that affects interstate commerce, including without limitation because the hotel accommodates interstate travelers and Cooper advertises the hotel in interstate commerce.

53. Cooper's unlawful conduct was supported by state action when Jonathan called the Police to enforce his demands for Plaintiffs to *show us your dog's papers!*

54. David Little and Jonathan were acting in the course and scope of employment for Cooper in their above-described misconduct and Cooper is vicariously liable for their actions.

55. Cooper thus violated Title II of the Civil Rights Act of 1964.

56. As a result, Plaintiffs are legally entitled to recover and seek recovery of temporary and permanent injunctive relief to prevent further violations by Cooper, attorney's fees, costs, interest, and all other relief, special and general, available at law or in equity.

B. **COUNT 2: VIOLATION OF TITLE III OF THE ADA**

57. Title III of the Americans with Disabilities Act ("ADA") prohibits places of public accommodation, including hotels, from harassing, discriminating, or retaliating against persons, including hotel guests, on the basis of disability.

58. Plaintiff Rebecca Adlerstein has a disability, namely, severe anxiety, that affects one or more major life functions as described hereinabove.

59. David Little and Jonathan harassed, discriminated, and retaliated against Rebecca and Mr. Adlerstein, her father, on the basis of Rebecca's disability and need for her registered service dog, as described hereinabove, including without limitation intimidating, threatening, coercing, and/or attempting to intimate, threaten, or coerce Plaintiffs, observant Jews, with the purpose of interfering with the free exercise of their First Amendment Rights, as described above, in order to prove that Rebecca has a disability and needs her registered service dog as a result of her disability, including without limitation David Little and Jonathan, as Cooper's employees and with actual or apparent authority, refusing to respect and, instead, demanding Plaintiffs break their sincerely held religious beliefs and practices of observing the Jewish Sabbath by not opening a cell

phone to prove that the dog is a registered service dog for Rebecca's disability; calling the Police on Plaintiffs for exercising their First Amendment rights to freely practice their religion and refusing to break the Sabbath to prove that the dog is a registered service dog for Rebecca's disability; and then forcing Plaintiffs to remove a legitimate, registered service dog from the Cooper Hotel property on the Jewish Sabbath, depriving Rebecca of the ability to stay at the Cooper Hotel with her service dog and forcing her to either stay without the dog or move.

60. Cooper's operation of the Cooper Hotel is a public accommodation that affects interstate commerce, including without limitation because the hotel accommodates interstate travelers and Cooper advertises the hotel in interstate commerce.

61. Cooper's unlawful conduct was supported by state action when Jonathan called the Police to enforce his demands for Plaintiffs to *show us your dog's papers!*

62. David Little and Jonathan were acting in the course and scope of employment for Cooper in their above-described misconduct and Cooper is vicariously liable for their actions.

63. Cooper thus violated Title III of the ADA.

64. As a result, Plaintiffs are legally entitled to recover and seek recovery of temporary and permanent injunctive relief to prevent further violations by Cooper, attorney's fees, costs, interest, and all other relief, special and general, available at law or in equity.

C. **COUNT 3: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

65. Via its employees David Little and Jonathan, acting in the course and scope of their employment, and via its failure to adequately train them, Cooper engaged in extreme, outrageous, atrocious conduct beyond the bounds of decency and utterly intolerable in a civilized community through the courts of events described above on or about Saturday April 19, 2025.

66. Cooper's and its employees' actions were intentional and disregarded substantial risk that their actions would cause emotional distress, such as Jonathan calling the Police to needlessly escalate the situation in front of Mr. Adlerstein's minor child, Mr. Little being rude and aggressive in front of Mr. Adlerstein's minor child, and both of them depriving a disabled minor girl of her registered service dog.

67. Cooper's and its employees' actions caused Plaintiffs to suffer severe emotional distress with a lasting impact, including exacerbating Rebecca's anxiety with collateral impacts on Mr. Adlerstein and Daniel.

68. As a result, Plaintiffs are legally entitled to recover and seek recovery of economic and non-economic compensatory damages, punitive damages, attorney's fees, costs, interest, and all other relief, special and general, available at law or in equity.

### D.     **COUNT 4: VIOLATION OF THE TEXAS DTPA**

69. Plaintiffs are consumers under the Texas Deceptive Trade Practices Act ("DTPA").

70. Cooper engaged in unconscionable misconduct through the courts of events described above on or about Saturday April 19, 2025, and by failing to adequately train its employees to prevent such misconduct.

71. Cooper's unconscionable misconduct was a producing cause of injuries and damages to Plaintiffs, including economic and non-economic compensatory damages such as mental anguish, emotional distress, loss of enjoyment of life, inconvenience, and otherwise.

72. Cooper's unconscionable misconduct was intentional or, alternatively, knowing.

73. As a result, Plaintiffs are legally entitled to recover and seek recovery of three times actual damages and three times mental anguish damages upon a finding of intentional conduct or, alternatively, three times actual damages and mental anguish damages upon a finding of knowing

conduct or, alternatively, actual damages, attorney's fees, costs, interest, and all other relief, special and general, available at law or in equity.

## VI. JURY DEMAND

74. Plaintiffs hereby demand a trial by jury in the above-captioned matter.

## VII. PRAYER

For the foregoing reasons, Plaintiffs pray for entry of judgment against Defendant awarding Plaintiffs all relief and damages as stated above, including temporary and permanent injunctive relief, economic and non-economic compensatory damages, punitive damages, statutory damages or damages enhancements, attorneys' fees, costs of court, pre- and post-judgment interest, and all other relief, general and special, at law and in equity, to which Plaintiffs may be justly entitled.

Dated: August 19, 2025.                                    Respectfully Submitted,

*/s/ Michael R. Steinmark*
**MICHAEL R. STEINMARK**
State Bar No. 24051384
**BRUCE W. STECKLER**
State Bar No. 00785039

**STECKLER WAYNE & LOVE, PLLC**
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Telephone: 972-387-4040
Facsimile: 972-387-4041
*michael@stecklerlaw.com*
*bruce@stecklerlaw.com*

**ATTORNEYS FOR PLAINTIFFS**