IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SAMUEL ADLERSTEIN,                              §
Individually and as Next Friend of              §
Daniel Adlerstein and Rebecca Adlerstein,       §
                                                §
            Plaintiffs,                         §
                                                §
VS.                                             §       Civil Action No. 3:25-CV-2228-D
                                                §
COOPER AEROBICS ENTERPRISES,                    §
INC., DBA COOPER HOTEL &                        §
CONFERENCE CENTER,                              §
                                                §
            Defendant.                          §

MEMORANDUM OPINION
AND ORDER

Plaintiff Samuel Adlerstein ("Adlerstein") brings this suit individually and as next

friend of his minor children, Daniel and Rebecca Adlerstein,[1] alleging federal- and state-law

claims against defendant Cooper Aerobics Enterprises, Inc., d/b/a Cooper Hotel &

Convention Center ("Cooper"). Cooper moves to dismiss some of Adlerstein's claims under

Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. For the

reasons explained, the court dismisses *sua sponte* Adlerstein's federal-law claims under Rule

12(b)(1) for lack of subject matter jurisdiction, declines to exercise supplemental jurisdiction

over Adlerstein's pendent state-law claims, and grants Adlerstein leave to replead.

---

[1]Although the children are alleged to be minors and their initials would typically be used in place of their names, *see* Fed. R. Civ. P. 5.2(a)(3), the use of their names in public pleadings constitutes a waiver of protection under Rule 5.2(h).

I

In April 2025 Adlerstein and his family stayed at the Cooper Hotel & Convention Center ("Cooper Hotel").  Adlerstein's daughter, who has severe anxiety, was accompanied by a dog that Adlerstein alleges is a registered service animal.  About three days into Adlerstein's stay, a Cooper Hotel staff member named Jonathan, alongside police officers, confronted Adlerstein and accused him of breaking hotel policy by having the dog.

Despite Adlerstein's assertion that he had stayed at the Cooper Hotel before with the same dog, Jonathan demanded that Adlerstein furnish proof that the dog was a registered service animal.  Adlerstein, an observant Jew, responded that, although he had such proof on his cell phone, he could not access his cell phone that day because he was observing Shabbat.  Jonathan and the hotel manager continued to demand that Adlerstein provide such proof, and when Adlerstein continued to refuse, they forced his daughter and the dog to leave the premises.

Adlerstein brought the instant lawsuit, alleging religious discrimination claims under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a; disability discrimination claims under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182; and various state-law claims.  Cooper moves to dismiss some of Adlerstein's claims under Rule 12(b)(6) for failure to state a claim on which relief can be granted.  The court is deciding the motion on the briefs, without oral argument.

II

The court does not reach Cooper's Rule 12(b)(6) motion to dismiss for failure to state a claim.  Instead, the court raises *sua sponte* that it lacks subject matter jurisdiction over Adlerstein's federal-law claims because he does not plausibly plead that he has Article III constitutional standing.

A

Although neither side challenges the court's subject matter jurisdiction, "the court must notice its own lack of subject matter jurisdiction *sua sponte*, if necessary."  *TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 618 (N.D. Tex. 2007) (Fitzwater, J.); *see also Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 331-32 (5th Cir. 2002) (explaining that, where necessary, the court must raise the absence of Article III constitutional standing *sua sponte*).  The court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction[.]"  Rule 12(h)(3).

Article III of the United States Constitution confines the jurisdiction of a federal court to actual cases and controversies.  U.S. Const. art. III, § 2.  The standing doctrine implements this constitutional limitation by requiring that a plaintiff establish "a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf."  *Warth v. Seldin*, 422 U.S. 490, 498 (1975) (citation and internal quotation marks omitted).  To establish constitutional standing, a plaintiff must demonstrate that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by

- 3 -

a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  A party seeking to invoke federal jurisdiction must establish standing "for each form of relief that is sought." *Reule v. Jackson*, 114 F.4th 360, 367 (5th Cir. 2024) (quoting *Town of Chester v. Laroe Ests., Inc.*, 581 U.S. 433, 439 (2017)), *cert. denied*, 145 S.Ct. 1431 (2025).

B

Adlerstein's federal-law claims only allow prospective relief.  *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 244 (5th Cir. 1999) (§ 2000a); *Humes v. McDonald's Walmart #5416*, 2025 WL 3286387, at *2 (N.D. Tex. Oct. 28, 2025) (McKay, J.), *rec. adopted sub nom.*, *Humes v. McDonald's Walmart*, 2025 WL 3284299 (N.D. Tex. Nov. 24, 2025) (Scholer, J.) (§ 12182); *see also* 42 U.S.C. § 12188 ("The remedies and procedures set forth in section 2000a-3(a) of this title are the remedies and procedures this subchapter provides . . . ."). Consequently, with respect to these claims, Adlerstein requests injunctive relief.

"[P]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief[.]"  *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (citation omitted).  "A plaintiff's standing to pursue injunctive relief that is calculated to redress a future injury depends on whether that future injury is imminent, as opposed to merely conjectural."  *Salamah v. UT Sw. Med. Ctr.*, 2025 WL 1211124, at *5 (N.D. Tex. Apr. 25, 2025) (Fitzwater, J.) (citing *Lyons*, 461 U.S. at 105).  Accordingly, Adlerstein "must demonstrate that [he or one of his children is] likely to suffer future injury by [Cooper] and that the sought-after relief will prevent that future injury."  *Arguello v. Conoco, Inc.*, 330 F.3d 355, 361 (5th Cir. 2003) (citation and internal quotation marks omitted).

- 4 -

C

Adlerstein's complaint is devoid of factual allegations that would allow the court to reasonably infer that he has standing to assert his federal-law claims. Adlerstein's single allegation that he and his family stayed at the Cooper Hotel once before is insufficient to plausibly allege that he has standing to bring his claims for injunctive relief. *See Lyons*, 461 U.S. at 102; *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992) (plaintiffs' allegation that they had visited project site in the past and expression of vague intention to return was insufficient to plausibly allege standing). Adlerstein fails to provide additional context, such as allegations that he frequently visits the hotel or that he has plans to do so in the future. *Cf. Smith v. France*, 850 Fed. Appx. 243, 247 (5th Cir. 2021) (per curiam) (mem. op.) (plaintiff had standing where she had visited defendant's facility 10 to 15 times and had plans to return); *Morgan v. Topgolf Int'l, Inc.*, 2026 WL 292087, at *3 (N.D. Tex. Feb. 4, 2026) (Pittman, J.) (plaintiff had standing where he alleged that he had been a "frequent patron" of defendant's facilities and intended to return to the facility at issue). Consequently, the court is unable to reasonably infer that Adlerstein "is likely to return to [Cooper's] business," *Access 4 All, Inc. v. Wintergreen Com. P'ship, Ltd.*, 2005 WL 2989307, at *3 (N.D. Tex. Nov. 7, 2005) (Fish, C.J.), that Cooper's alleged discrimination has deterred him from returning, *Morgan*, 2026 WL 292087, at *3, or that Cooper's alleged conduct otherwise "affects his activities in some concrete way." *Frame v. City of Arlington*, 657 F.3d 215, 236 (5th Cir. 2011) (discussing the standing doctrine in the context of Title II of the ADA). Adlerstein's allegations are therefore insufficient to plausibly allege that he or his children

- 5 -

are likely to suffer future injury from Cooper or that Adlerstein's sought-after-relief would prevent that future injury. *See Arguello*, 330 F.3d at 361 (dismissing § 2000a claim for lack of standing).

Accordingly, because Adlerstein has not plausibly pleaded that he has Article III constitutional standing to bring his § 2000a and § 12182 claims, the court dismisses these claims without prejudice for lack of subject matter jurisdiction.

III

The court now considers whether it should exercise supplemental jurisdiction over Adlerstein's pendent state-law claims given that it is dismissing his federal-law claims.

Although the court can exercise supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367(a), in this circuit "[t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial[.]" *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). The court in its discretion declines to exercise supplemental jurisdiction over Adlerstein's state-law claims and dismisses them without prejudice. *See ER Addison, LLC v. Aetna Health Inc.*, 2025 WL 1869591, at *3 (N.D. Tex. July 3, 2025) (Fitzwater, J.).

IV

Although the court is dismissing Adlerstein's claims, it will permit him to replead. *See, e.g., In re Am. Airlines, Inc., Priv. Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (noting that district courts often afford plaintiffs at least one opportunity to

- 6 -

cure pleading deficiencies before dismissing case, unless it is clear that defects are incurable or plaintiffs advise court that they are unwilling or unable to amend in a manner that will avoid dismissal).  There is no indication that Adlerstein cannot, or is unwilling to, cure the defects the court has identified.  Accordingly, the court grants Adlerstein 28 days from the date this memorandum opinion and order is filed to file a second amended complaint.  This procedure will ensure that the court's dismissal *sua sponte* of the Adlerstein's federal-law claims is fair.

*    *    *

For the reasons explained, the court dismisses Adlerstein's claims without prejudice and also grants Adlerstein leave to file a second amended complaint within 28 days of the date this memorandum opinion and order is filed.  If Adlerstein chooses not to replead, the court will enter judgment dismissing his federal-law claims without prejudice for lack of subject matter jurisdiction and dismissing his pendent state-law claims without prejudice in its discretion.  If he does replead, Cooper can move anew to dismiss if it has grounds to do so.

**SO ORDERED**.

March 25, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

- 7 -