IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL ADLERSTEIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:25-CV-2228-D |
| | § | |
| COOPER AEROBICS ENTERPRISES, | § | |
| INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

The court returns to this action in which plaintiff Samuel Adlerstein ("Adlerstein"),

individually and as next friend of his minor children Daniel and Rebecca Adlerstein, brings

various federal- and state-law claims against defendant Cooper Aerobics Enterprises, Inc.,

d/b/a Cooper Hotel & Convention Center ("Cooper"). Cooper moves to dismiss some of

Adlerstein's claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief

can be granted. For the reasons explained, the court grants in part and denies in part

Cooper's motion to dismiss, and grants Adlerstein leave to amend.

I

The relevant background facts of this case are largely set out in a prior memorandum

opinion and order and need not be repeated at length for the purpose of deciding Cooper's

motion to dismiss.[1] In *Adlerstein I* the court dismissed Adlerstein's first amended complaint

---

[1]*Adlerstein v. Cooper Aerobics Enters., Inc. ("Adlerstein I")*, 2026 WL 820861, at *1 (N.D. Tex. Mar. 25, 2026) (Fitzwater, J.).

*sua sponte* for lack of subject matter jurisdiction and granted Adlerstein leave to replead.[2] Adlerstein's second amended complaint alleges claims under Title II of the Civil Rights Act of 1964 ("Title II"), 42 U.S.C. § 2000a *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, Chapter 121 of the Texas Human Resources Code, and the Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Com. Code Ann. § 17.41 *et seq.* (West 1973), and for intentional infliction of emotional distress ("IIED") and negligence. Cooper now moves to dismiss Adlerstein's Title II, DTPA, IIED, and negligence claims. Adlerstein opposes the motion, which the court is deciding on the briefs, without oral argument.

II

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [the] plaintiff['s] [second] amended complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (final alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[2]*Id.*  On repleading, Adlerstein has cured the deficiencies that the court identified in *Adlerstein I*, and the court is now satisfied that it has subject matter jurisdiction.

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

III

The court first considers whether Adlerstein has plausibly pleaded his Title II claim.

A

Title II states that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). Absent direct evidence of discrimination, to prevail on a Title II claim, a plaintiff must demonstrate that "(1) [he] is a member of a protected class; (2) [he] attempted to contract for the services of a public accommodation; (3) [he] was denied those services; and (4) the services were made available to similarly situated persons outside [his] protected class." *Hager v. Brinker Tex., Inc.*, 102 F.4th 692, 700 (5th Cir. 2024) (quoting *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 350 (5th Cir.

- 3 -

2008)).

In the context of similar discrimination claims, "a plaintiff need not make out a prima facie case of discrimination [under the *McDonnell Douglas* standard] in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019) (citation omitted). Consequently, at the motion to dismiss stage, this court has required only that a plaintiff plausibly allege the ultimate elements of his claim. *See, e.g.*, *Anderton v. Dall. Indep. Sch. Dist.*, 2024 WL 3687101, at *3 n.5 (N.D. Tex. Aug. 6, 2024) (Fitzwater, J.), *appeal docketed*, No. 25-11351 (5th Cir. Dec. 16, 2025). But since *McDonnell Douglas* will govern when a plaintiff relies on indirect evidence of discrimination, *see Hager*, 102 F.4th at 699, that framework can be helpful in determining whether a plaintiff has plausibly alleged the ultimate elements of his claim. *See Anderton*, 2024 WL 3687101, at *3 n.5. Because the elements required to establish a prima facie case under Title II resemble those required for a Title VII claim, the court will apply these principles in deciding whether Adlerstein has stated a plausible Title II claim. *See Fahim*, 551 F.3d at 350 (noting that the elements of a Title II prima facie case were repurposed from Title VII doctrine).

B

The court holds that Adlerstein has failed to plausibly plead a Title II claim. As an initial matter, Adlerstein's allegations do not allow the court to draw the reasonable inference that he could furnish direct evidence of discrimination. *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 992 (5th Cir. 2005) ("Direct evidence is evidence which, if believed, proves

- 4 -

the fact without inference or presumption."); *see also Hager*, 102 F.4th 692, 699 (concluding that hostess's apology for discriminating against plaintiff was direct evidence).

Nor has Adlerstein plausibly pleaded that Cooper made its services available to similarly situated individuals outside his protected class. *See Butler v. Our Cmty. Our Kids*, 2025 WL 3650759, at *3 (N.D. Tex. Dec. 17, 2025) (Fitzwater, J.) (collecting similar cases dismissing discrimination claims); *Willis v. W. Power Sports, Inc.*, 2024 WL 448354, at *2 (5th Cir. Feb. 6, 2024) (per curiam) (affirming Rule 12(b)(6) dismissal where plaintiff failed to identify comparator who was treated more favorably than he was). He alleges that a security guard who was present when police arrived to the Cooper hotel stated that he had "never seen [Cooper] call the police about a dog." 2d Am. Compl. ¶ 62. This allegation does not allow the court to draw the reasonable inference that non-Jewish patrons were permitted to stay with animals at the Cooper hotel without furnishing the requested documentation. Adlerstein's additional allegation that "[o]n information and belief, the security guard made that statement because he had actually seen other, non-Jewish and/or non-disabled guests of the Cooper Hotel with a dog on the property without Cooper Hotel calling the police on them or ejecting the dog from the hotel," 2d Am. Compl. ¶ 65, is conclusory and unsupported by specific factual allegations. *See Iqbal*, 556 U.S. at 678; *cf. Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (stating in another context that the ability to base pleadings "on information and belief" "must not be mistaken for license to base claims . . . on

- 5 -

speculation and conclusory allegations.").[3]

Although Adlerstein's failure to identify a similarly situated comparator may not necessarily defeat his Title II claim at the motion to dismiss stage, Adlerstein alleges "no other facts sufficient to 'nudge[] [his] claim[] across the line from conceivable to plausible.'" *Olivarez v. T-mobile USA, Inc.*, 997 F.3d 595, 600 (5th Cir. 2021) (first alteration in original) (quoting *Twombly*, 550 U.S. at 547). To be sure, the court can draw the reasonable inference that Cooper hotel staff members knew that Adlerstein and his family were Jewish, at least based on their attire. But Adlerstein alleges no other specific incidents that indicate that Cooper's actions were motivated by antisemitic animus. *Cf. Anderton*, 2024 WL 3687101, at *5 (plaintiff failed to plead specific facts indicating defendant's employee's "speech or conduct toward her was based on an age-related animus."). Adlerstein's assertion that Cooper hotel guests have reported that Jonathan, the Cooper hotel staff member who confronted Adlerstein about the dog, "does not like and is unfriendly to orthodox Jews, treating them worse than non-Jewish guests," 2d Am. Compl. ¶ 61, is unsupported by specific factual allegations identifying these alleged instances of discrimination. *See Iqbal*, 556 U.S. at 678. Moreover Adlerstein's allegations that Jonathan ignored Adlerstein when he said good morning and that Jonathan falsely accused someone in Adlerstein's room of

---

[3]The court acknowledges that some courts "apply a modified version of the fourth element, which considers whether the plaintiff received services in a markedly hostile manner and in a manner which a reasonable person would find objectively discriminatory." *Bowers v. Trinity Groves, LLC*, 2021 WL 3710564, at *8 (N.D. Tex. Aug. 20, 2021) (Boyle, J.) (citation and internal quotation marks omitted). Even if the court were to apply this modified standard, it would conclude that Adlerstein has failed to plausibly plead this element.

slamming the door on housekeeping are not the kind of specific incidents that would enable the court to draw the reasonable inference that Cooper denied Adlerstein its services because of his religion. *Cf. Cicalese*, 924 F.3d at 764 (medical school dean told plaintiffs that they should go back to Italy); *Milteer v. Navarro Cnty.*, 652 F.Supp.3d 754, 761 (N.D. Tex. 2023) (Fitzwater, J.) (plaintiff's supervisor denied request to wear religious clothing and asked plaintiff to remove that clothing), *rev'd on other grounds*, 99 F.4th 268 (5th Cir. 2024); *Williams v. L3 Harris Techs., Inc.*, 2025 WL 417456, at *3 (N.D. Tex. Feb. 6, 2025) (Fitzwater, J.) (plaintiff alleged a series of specific employment actions taken against African American employees only).

Accordingly, the court grants Cooper's motion to dismiss Adlerstein's Title II claim.

IV

The court turns next to Adlerstein's DTPA claim. Cooper moves to dismiss this claim on the ground that Adlerstein's allegations do not satisfy Rule 9(b)'s heightened pleading requirements. But Adlerstein appears to allege a DTPA unconscionable conduct claim. *See* Tex Bus. & Com. Code Ann. § 17.50 (West 2005) (permitting a consumer to maintain an action where "any unconscionable action or course of action" constitutes a producing cause of economic damages or damages for mental anguish). This claim is not subject to Rule 9(b)'s heightened pleading requirements. *Shakeri v. ADT Sec. Servs., Inc.*, 2013 WL 6498268, at *4 (N.D. Tex. Dec. 11, 2013) (Fitzwater, J.), *rev'd in part on other grounds*, 816 F.3d 283 (5th Cir. 2016).

Accordingly, because Cooper does not move to dismiss Adlerstein's DTPA claim on

- 7 -

any basis other than the necessity to satisfy Rule 9(b), the court denies Cooper's motion to dismiss Adlerstein's DTPA unconscionable conduct claim.

V

Cooper also moves to dismiss Adlerstein's IIED claim.

A

"[T]o recover damages for intentional infliction of emotional distress, a plaintiff must establish that (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the emotional distress suffered by the plaintiff was severe." *Morgan v. Anthony*, 27 S.W.3d 928, 929 (Tex. 2000) (internal quotation marks omitted) (quoting *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995)).

IIED is "first and foremost, a 'gap-filler' tort, judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Hoffman-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004) (quoting *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 68 (Tex. 1998)). Thus "[w]here the gravamen of the plaintiff's complaint is really another tort, intentional infliction of emotional distress should not be available." *Id.* (collecting cases, including those involving claims of negligence, gross negligence, and assault and battery). "Properly cabined, the tort [of IIED] simply has no application when the actor intends to invade some other legally protected interest," whether it be one protected by the law of torts or by statute. *Id.* (citation

- 8 -

and internal quotation marks omitted). "Even if other remedies do not explicitly preempt the tort, their availability leaves no gap to fill." *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005).

B

Adlerstein has failed to plausibly plead acts on the part of Cooper that would give rise to a claim of IIED independent and apart from his statutory causes of action. *See Tillison v. Trinity Valley Elec. Co-op., Inc.*, 2005 WL 292423, at \*2 (N.D. Tex. Feb. 7, 2005) (Fitzwater, J.). In other words, Adlerstein's IIED claim fails because the conduct that Adlerstein alleges constitutes IIED is identical to that which underlies his other claims. This is true even though Adlerstein attempts to plead his IIED claim in the "strict alternative." P. Resp. at 16. Because "the gravamen of" Adlerstein's IIED claim "is the type of wrong that the statutory remed[ies] w[ere] meant to cover," he cannot maintain this claim "regardless [] whether he . . . succeeds on . . . a statutory claim." *Hoffmann-La Roche*, 144 S.W.3d at 448.

Accordingly, the court dismisses Adlerstein's IIED claim.

VI

Finally, the court turns to Adlerstein's negligence claim, which is grounded in allegations that Cooper was negligent in hiring and supervision.

"To prevail on a claim for negligent hiring or supervision, the plaintiff is required to establish not only that the employer was negligent in hiring or supervising the employee, but also that the employee committed an actionable tort against the plaintiff." *Brown v. Swett*

- 9 -

*& Crawford of Tex., Inc.*, 178 S.W.3d 373, 384 (Tex. App. 2005, no pet.). Because the court has already concluded that Adlerstein's IIED claim—the only independent tort pleaded—fails as a matter of law, Adlerstein's negligence claim also fails. *See Samilton v. F2F Transp., LLC*, 2026 WL 1146291, at *7 (N.D. Tex. Apr. 28, 2026) (Kinkeade, J.); *King v. Firstservice Residential Tex., Inc.*, 2026 WL 1180006, at *11 (N.D. Tex. Apr. 30, 2026) (Boyle, J.).

Although Adlerstein also pleads statutory claims, such claims "do not provide the basis for a claim of negligent hiring or supervision." *Cohen v. Prometric, Inc.*, 2010 WL 11561932, at *5 (N.D. Tex. Nov. 4, 2010) (Solis, J.); *see also Hill v. Dollar Tree Stores, Inc.*, 2025 WL 2057840, at *5 (W.D. Tex. June 23, 2025) (similar), *rec. adopted*, 2025 WL 2053030 (W.D. Tex. July 22, 2025). Moreover, the torts that Adlerstein alleges for the first time in his response brief have not been properly raised to the court, and therefore the court will not consider whether they can provide the basis for his negligence claim. *See Garcia v. Delta Cos.*, 2023 WL 2950632, at *13 n.10 (N.D. Tex. Feb. 24, 2023) (Ramirez, J.), *rec. adopted*, 2023 WL 2597896 (N.D. Tex. Mar. 22, 2023), *aff'd*, 2024 WL 1904555 (5th Cir. May 1, 2024).

Accordingly, the court dismisses Adlerstein's negligence claim.

VII

Although the court is dismissing some of Adlerstein's claims, it will grant him leave to replead. *See, e.g.*, *In re Am. Airlines, Inc., Priv. Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (noting that district courts often afford plaintiffs at least one

opportunity to cure pleading deficiencies before dismissing case, unless it is clear that defects are incurable or plaintiffs advise court that they are unwilling or unable to amend in a manner that will avoid dismissal).  There is no indication that Adlerstein cannot, or is unwilling to, cure the defects that the court has identified.  Moreover, allowing Adlerstein to file a third amended complaint is not excessive under the circumstances of this case.  Adlerstein filed his first amended complaint before the court addressed the adequacy of his original complaint.  And the court in *Adlerstein I* dismissed the first amended complaint on grounds that it raised *sua sponte*.  Therefore, today's decision addressing Adlerstein's second amended complaint is the first that analyzes arguments that the parties, rather than the court alone, have raised.  Accordingly, the court will grant Adlerstein 28 days from the date this memorandum opinion and order is filed to file a third amended complaint.

\*   \*   \*

For the reasons explained, the court dismisses Adlerstein's Title II, IIED, and negligence claims, declines to dismiss Adlerstein's DTPA claim, and grants Adlerstein leave to replead.

**SO ORDERED**.

July 22, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

- 11 -